UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ,<br><br>            Petitioner,<br><br>   v.<br><br>JIM MacDONALD, Warden[1],<br><br>            Respondent. | No. 2:15-cv-2175 CKD P<br><br>ORDER &<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the petition filed October 19, 2015, in which petitioner challenges his 2006 conviction for sex offenses. (ECF No. 1.) Before the court is respondent's motion to dismiss the petition as time-barred. (ECF No. 10.) Petitioner has filed an opposition to the motion, and respondent has filed a reply. (ECF Nos. 13 &14.) For the reasons set forth below, the undersigned will recommend that respondent's motion be granted.

////

////

---

[1] An inmate filing a petition for writ of habeas corpus must name the state officer who has custody of the petitioner as the respondent. Rule 2(a) of the Rules Governing § 2254 cases. Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992). Thus the Clerk of Court will be directed to substitute Jim MacDonald, Warden of La Palma Correctional Center, as respondent. (<u>See</u> ECF No. 10 at 1, n.1.)

1

## FACTUAL AND PROCEDURAL HISTORY

On August 23, 2006, in the Shasta County Superior Court, petitioner was convicted of two counts of forcible rape, one count of forcible sodomy, and one count of forcible oral copulation. (Lod. Docs.[2] 1-2.) He was sentenced to a determinate state prison term of 24 years. (Lod. Doc. 2.)

Petitioner appealed his conviction and, on October 7, 2008, the California Court of Appeal, Third Appellate District, affirmed the judgment. (Lod. Doc. 2.) Petitioner sought review in the California Supreme Court, which denied review without prejudice on January 14, 2009. (Lod. Docs. 3-4.)

Petitioner filed six pro se post-conviction collateral challenges, all petitions for writs of habeas corpus, in the state courts.[3] The first petition was filed on January 10, 2013, and the last was filed on March 26, 2015. (Lod. Docs. 5-15.) The sixth and final petition was denied on June 10, 2015. (Lod. Doc. 16.)

Petitioner filed the instant action on October 12, 2015. (ECF No. 1.)

## STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[2] Respondent's Lodged Documents. See ECF No. 11.

[3] These petitions are given the benefit of the "mailbox rule," Habeas Rule 3(d), in which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule applies to federal and state petitions alike.

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

ANALYSIS

I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by

3

1  the conclusion of all direct criminal appeals in the state court system followed by the expiration
2  of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting
3  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

4  Here, petitioner appealed his judgment of conviction. The California Supreme Court
5  denied review on January 14, 2009. The time to seek direct review ended on April 14, 2009,
6  when the 90-day period for filing a petition for writ of certiorari with the United States Supreme
7  Court expired. Supreme Court Rule 13. The one-year limitations period began to run the
8  following day, April 15, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing
9  Fed. R. Civ. P 6(a)). Thus the last day to file a petition was on April 14, 2010, plus any time for
10 tolling.

11 In opposition to the motion, petitioner argues that the limitations period began to run after
12 the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), which issued on
13 June 17, 2013. On April 2, 2014, petitioner filed a habeas petition in the Shasta County Superior
14 Court seeking to reduce his sentence based on Alleyne, which held that any fact that increases the
15 mandatory minimum sentence for a crime must be submitted to the jury. (Lod. Doc. 11.) On
16 May 7, 2014, the superior court denied the petition. (Lod. Doc. 12.) On July 7, 2014, petitioner
17 asserted an Alleyne claim in a petition to the state court of appeal, which denied the petition on
18 July 31, 2014. (Lod. Docs. 13-14.) Petitioner then raised the claim in a petition to the state
19 supreme court, which denied review on June 10, 2015. (Lod. Docs. 15-16.)

20 In the instant federal action, petitioner challenges his sentence based on Alleyne. (ECF
21 No. 1.) He argues that, because he filed his federal petition within one year of exhausting his
22 claim in the state courts, his claim is timely. (ECF No. 13.)

23 Under 28 U.S.C. § 2244 (d)(1)(C), the one-year limitation period for an application for a
24 writ of habeas corpus may run from "the date on which the constitutional right asserted was
25 initially recognized by the Supreme Court, *if the right has been newly recognized by the Supreme*
26 *Court and made retroactively applicable on collateral review*." (Emphasis added.) This
27 provision does not apply to the rule announced in Alleyne, which is not retroactively applicable to
28 cases on collateral review. Hughes v. United States, 770 F.3d 814 (9th Cir. 2014) (holding that

1 the Supreme Court has not made <u>Alleyne</u> retroactive to cases on collateral review); see, e.g.,

2 <u>Lemus v. U.S.</u>, 2015 WL 5123616, *3 (E.D. Cal. Aug. 31, 2015) (petitioner whose conviction

3 became final in 2010 "cannot avail himself of the rule in <u>Alleyne</u> because the rule cannot be

4 applied retroactively.").

5       Petitioner argues that <u>Alleyne</u> is a "watershed rule of criminal procedure" that implicates

6 the fairness and accuracy of the criminal proceeding and thus must be applied retroactively.

7 (ECF No. 13 at 10.) However, the Ninth Circuit rejected this view in <u>Hughes</u>. 770 F.3d at 818

8 ("[W]e conclude that <u>Alleyne</u> . . . does not fall within the procedural 'watershed' exception" so as

9 to have retroactive effect).[4]

10       Petitioner commenced this federal habeas action on October 12, 2015, more than five

11 years past the AEDPA deadline. Absent tolling, the petition is untimely.

12 II. <u>Tolling</u>

13       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

14 for State post-conviction or other collateral review with respect to the pertinent judgment or claim

15 is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

16       The tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot

17 "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court

18 habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the

19 limitations period under § 2244(d)(2). See <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir.

20 2003); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001).

21       Here, all of petitioner's state petitions were filed after the one-year limitations period

22 ended on April 14, 2010. His first state petition was filed on January 10, 2013, nearly three years

23 after the deadline, and was explicitly found untimely by the Shasta County Superior Court. (Lod.

24 Doc. 6.) Because these state petitions cannot toll the running of the already-run statute, petitioner

---

[4] Moreover, on state habeas review, the Shasta Superior Court found <u>Alleyne</u> inapplicable to plaintiff's sentence under California law, writing: "The <u>Alleyne</u> case is one interpreting federal law related to sentencing and Rodrigues' reliance upon it is misplaced. California amended its own sentencing law to address the <u>Cunningham</u>/<u>Apprendi</u>/<u>Blakeley</u> decisions in order to allow for the trial court's review and decision-making on the low, middle and upper terms. Defendant Rodrigues was sentenced following this legislative action." (Lod. Doc. 12.)

1  is not entitled to statutory tolling.

2  Nor is the federal petition entitled to equitable tolling, which requires a petitioner to
3  demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary
4  circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562
5  (2010).  Petitioner must show that the "extraordinary circumstance" was the cause of the
6  untimeliness.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  Equitable tolling is
7  "unavailable in most cases."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), citing
8  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Here, petitioner has shown neither
9  diligence nor "extraordinary circumstance" such as to warrant equitable tolling.

10  Thus the undersigned will recommend that the petition be dismissed as time-barred.

11  Accordingly, IT IS HEREBY ORDERED that:

12  1. The Clerk of Court shall substitute Jim MacDonald, Warden, as respondent in the
13  docket of this action; and

14  2. The Clerk of Court shall assign a district judge to this action.

15  IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be
16  granted and this case closed.

17  These findings and recommendations are submitted to the United States District Judge
18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19  after being served with these findings and recommendations, any party may file written
20  objections with the court and serve a copy on all parties.  Such a document should be captioned
21  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
22  objections shall be served and filed within fourteen days after service of the objections.  The
23  parties are advised that failure to file objections within the specified time waives the right to
24  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  Dated:  May 6, 2016

26  _____
    CAROLYN K. DELANEY
27  UNITED STATES MAGISTRATE JUDGE

28  2/ rodr2175.mtd_fr